**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

July 16, 2007

**Via Electronic Filing**

Thomas J. Walsh, Esq.
Pisano, Triarsi & Betancourt
P.O. Box 985
186 North Avenue E
Cranford, NJ 07016

Rodman E. Honecker, Esq.
Windels, Marx, Lane & Mittendorf, LLP
120 Albany Street Plaza
New Brunswick, NJ 08901

Toby G. Kleinman
988 River Road Road
Piscataway, NJ 08854

**Re: Adler, et al. v. Bates Airstream RV, et al.**
**Civil Action No.: 07-2821 (JLL)**

This matter comes before the Court on Plaintiffs Robert J. Adler and Toby G. Kleinman's (hereinafter "Plaintiffs") application for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.[1] The Court has considered the parties' positions and, for the reasons that follow, denies Plaintiffs' request for a preliminary injunction.[2]

[1] Although Plaintiffs couch their application as one seeking a "preservation order," because Plaintiffs essentially ask the Court to halt the sale of the recreational vehicle at issue pending a trial on the merits, this Court will treat Plaintiffs' application as one for a preliminary injunction.

[2] No oral argument was heard. Fed. R. Civ. P. 78.

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2006, Plaintiffs purchased a recreational vehicle from Defendant Bates Airstream RV in Florida. Plaintiffs simultaneously entered into a loan agreement with Defendant Thor Credit Corp. Upon their receipt of the vehicle, Plaintiffs claim to have discovered numerous defects of which they allege Defendant Bates Airstream RV was aware prior to the sale.

As a result, in September 2006, Plaintiffs returned the vehicle at issue to an Airstream dealer for certain repair work. In November 2006, Plaintiffs stopped making loan payments to Defendant Thor Credit Corp., after which Defendant Thor Credit Corp. took possession of the vehicle. By way of letter dated June 7, 2007, Plaintiffs were advised that the vehicle would be sold at a public auction "sometime after" June 18, 2007.

Plaintiffs commenced the instant cause of action by way of Order to Show Cause on June 18, 2007.[3] On that date, the Court entered an Order to Show Cause, temporarily restraining Defendants from selling the recreational vehicle at issue pending a July 2, 2007 return date. This return date was subsequently extended to July 17, 2007 by way of Order dated June 26, 2007.

**STANDARD OF REVIEW**

A preliminary injunction is a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir.1993). Nonetheless, a trial court's decision to issue a preliminary injunction is discretionary. New Eng. Braiding Co., v. A.W. Chesterton Co., 970 F.2d 878, 882 (Fed Cir. 1992). The Third Circuit has

[3] Plaintiffs' Complaint includes claims of fraud, deceptive trade practices, and violations of the Magnuson Moss Warranty Act, the Federal Trade Commission Act, and the Federal Fair Credit Reporting Act, among others. Jurisdiction is premised on 28 U.S.C. § 1332(a).

held that "a district court has the authority to grant injunctive relief in an arbitrable dispute, provided that the traditional prerequisites for such relief are satisfied." Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir.1989). The court identified those "traditional prerequisites" as follows: (1) whether the movant has demonstrated reasonable probability of eventual success in the litigation; (2) whether the movant has demonstrated that it will be irreparably injured pendente lite if relief is not granted to prevent a change in the status quo; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) the public interest. Id. at 812-13. With this framework in mind, the Court will first address the issue of whether Plaintiffs have demonstrated the existence of any immediate irreparable harm.

## DISCUSSION

### *Irreparable Harm*

In assessing whether immediate irreparable harm exists, Plaintiffs must demonstrate that without the issuance of an injunction, they will suffer harm which cannot be sufficiently redressed following a trial of the matter. See, e.g., Marsellis-Warner Corp. v. Rabens, 51 F. Supp. 2d 508, 528 (D.N.J. 1999) (citation omitted). In requesting that the Court impose a temporary restraint on the sale of the vehicle at issue, the existence of irreparable harm was premised on the notion that the imminent sale of the vehicle would be detrimental to Plaintiffs case, inasmuch as it would completely foreclose their ability to have an expert witness evaluate the vehicle for purposes of assessing the nature and costs of damages. Because Defendant Thor Credit Corp. *had* indicated that it intended to sell the vehicle "sometime after" June 18, 2007, the Court was persuaded that Plaintiffs may be irreparably harmed to the extent that such a sale were to take

place before Plaintiffs had an opportunity to have an expert evaluate the vehicle. As a result, in temporarily restraining the sale of the vehicle, the Court provided Plaintiffs with four weeks in which to obtain an expert, and to have that expert evaluate the vehicle.[4] Defendant Thor Credit Corp. now agrees to provide Plaintiffs with an additional thirty (30) days in which to examine the vehicle.[5] Given such circumstances, the Court finds that any immediate irreparable harm which was previously in existence is now lacking.[6]

## CONCLUSION

Accordingly, based on the reasons set forth above, the Court denies Plaintiffs' application for a preliminary injunction. An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[4] Plaintiffs claim that the vehicle at issue has been housed at the Airstream Dealer in New Jersey since September 2006. Defendant Thor Credit Corp., however, represents that the vehicle is currently located at Defendant Airstream's facility in Ohio. To the extent that Plaintiffs request that the vehicle be relocated to New Jersey for its inspection or, in the alternative, that Defendant Thor Credit Corp. assume any additional travel expenses incurred by Plaintiffs in traveling to Ohio, any such request is denied.

[5] Thus, Defendant Thor Credit Corp. represents that it will refrain from selling the vehicle at issue prior to August 17, 2007.

[6] See, e.g., Morton v. Beyer, 822 F.2d 364, 372 (3d Cir. 1987) (finding that the claimed injury – which was purely economic in nature – did not constitute irreparable harm). Thus, the Court need not address the remaining factors necessary for issuance of a preliminary injunction, namely (1) likelihood of success on the merits, (2) the balancing of hardships, and (3) the public interest.